UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3121 CAS (CWx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | PAYAM PIROOZMEHR V. ZALE DELAWARE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I.     INTRODUCTION & BACKGROUND

Plaintiff Payam Piroozmehr filed the instant action in Los Angeles County Superior Court against Zale Delaware, Inc. ("Zale"); Hannah Breschard ("Breschard"); and Does 1–50, alleging: (1) employment discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq.; (2) harassment on the basis of gender in violation of FEHA; (3) failure to prevent harassment and discrimination on the basis of sex in violation of FEHA; (4) retaliation in violation of FEHA; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress ("IIED"); (7) negligent hiring, retention, and supervision; (8) violation of California Labor Code § 1197.5 (equal pay); (9) failure to provide mandated timely meal and rest periods, California Labor Code §§ 226.7 and 512; (10) failure to provide accurate itemized wage statements, California Labor Code §§ 226 and 226.3; and (11) unfair, unlawful and fraudulent business practices in violation of California Business and Professions Code § 17200.  Plaintiff's second and sixth claims for harassment and IIED respectively are against all defendants, and all other claims are against Zale only.  See generally Compl.  The gravamen of plaintiff's complaint is that his manager, Breschard, discriminated against him and harassed him because plaintiff was the only male working in a jewelry store.  Id. ¶¶ 20–35.  In addition, plaintiff alleges that Zale violated California labor laws by refusing to give employees required breaks.  Id. ¶¶ 36–43.

Defendants removed the action to this Court on April 10, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Defendants argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3121 CAS (CWx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | PAYAM PIROOZMEHR V. ZALE DELAWARE, INC., ET AL. | | |

jurisdiction is proper because Breschard is a sham defendant and her California citizenship should be disregarded such that there is complete diversity between the parties. Notice of Removal ¶ 10.

## II. LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3121 CAS (CWx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | PAYAM PIROOZMEHR V. ZALE DELAWARE, INC., ET AL. | | |

law.") (citations and internal quotation marks omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.") (citing Dodson 951 F.2d at 42). In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42. Further, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

## III. DISCUSSION

Defendants argue that Breschard is a sham defendant because only two of eleven claims are alleged against her, and those two claims fail as a matter of law. Notice of Removal ¶¶ 13–14. Specifically, defendants argue that (1) both claims are barred because Breschard is shielded by the doctrine of managerial privilege, (2) the harassment claim fails to plead sufficient facts, and (3) the IIED claim is barred due to the exclusive remedies of the Workers' Compensation Act, California Labor Code § 3600(a). Id. ¶¶ 30, 31, 39.

The Court finds that defendants have failed to explain how Breschard, whose alleged conduct gave rise to seven of the eleven claims, was joined fraudulently. Furthermore, defendants appear to have overlooked Calero v. Unisys Corp., 271 F. Supp. 2d 1172 (N.D. Cal. 2003), in which the court recognized that "[a]lthough individual managers cannot be held personally liable for discriminatory 'personnel decisions,' they may be held personally liable for unlawful 'harassment'." Id. at 1178. The court also found that joinder of a manager was not fraudulent because the doctrine of managerial privilege did not necessarily bar an IIED claim. Id. at 1180 (citing Reno v. Baird, 18 Cal. 4 th 640, 646–47 (1998)). Finally, the court rejected the contention that the Workers' Compensation Act necessarily preempted an IIED claim, noting that "the preemption contention is heavily fact intensive." Id. at 1181. It thus appears possible that plaintiff could prevail on the merits against Breschard. Good, 5 F. Supp. 2d at 807.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3121 CAS (CWx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | PAYAM PIROOZMEHR V. ZALE DELAWARE, INC., ET AL. | | |

## IV.  CONCLUSION

Based on the foregoing, defendants are hereby ORDERED to SHOW CAUSE on or before May 14, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | IM | |